## GARRETT et al. v. ABRAHAM et al.

No. 12903—Opinion Filed Feb. 24, 1925.

(Syllabus.)

### Homestead—Abandonment—Evidence.

Where the wife owns a tract of land and she sells the same without the husband's signature to the deed, and thereafter the husband and wife bring suit to recover the land and the evidence upon the part of the plaintiffs clearly shows that they had abandoned the land as their homestead long prior to a sale by the wife, a demurrer to the evidence is properly sustained.

Error from District Court, Creek County; Harve L. Melton, Assigned Judge.

Action by Phillip Garrett and another against Joe Abraham and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

James M. Hays, for plaintiffs in error.

C. H. Rosenstein, for defendants in error.

LESTER, J. This is an appeal from the district court of Creek county, from a judgment in the trial court in an action brought by plaintiffs to recover the possession of the northeast quarter (¼) of the northwest quarter (¼) of section 15, township 17 north, range 11 east.

It appears that the said tract of land was allotted to Stella Garrett, who was enrolled as a freedman of the Creek Nation, and that she was married to Phillip Garrett. That in the spring of 1908, the said Phillip Garrett and Stella Garrett removed from the said tract of land, and upon their removal there was no present intention ever to reoccupy the same; that within a few days thereafter they separated; that on the 16th day of October, 1908, Stella Garrett executed to one of the defendants, Joe Abraham, a general warranty deed to the said tract of land, the consideration being $1,075. That on the 19th day of December 1910, she executed and delivered to the defendant Joe Abraham another warranty deed conveying the same land.

A trial was had to a jury, and after the plaintiffs closed their case the defendants filed demurrer to the evidence, and the court thereupon sustained the demurrer, to which action of the court plaintiffs excepted and prosecute this appeal to reverse the judgment of the court below.

After a thorough investigation of the record, we find that the evidence upon the part of the plaintiffs clearly disclosed that at the time they removed from the tract of land, which had been formerly occupied as their homestead, they had no intention to return and reoccupy the same as their homestead, and that from the time they removed from the said tract of land until the sale of the same by Stella Garrett, to the defendants, they had abandoned the same as their homestead.

This court has held in numerous cases that where the homestead is abandoned, and long thereafter the same is sold by either the husband or wife, an action to recover the land cannnot be maintained. The judgment is affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 29 C. J. p. 965.